```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

**PATRICIA AIELLO,** *et al.,*

    **Plaintiffs, Individually
    and as Assignees of
    Claims Owned by Kube,
    LLC,**

        v.                      **Case No. 17 C 985**

**INVISION MARKETING SOLUTIONS,**   **Judge Harry D. Leinenweber**
**a division of SOUTHERN WINE
& SPIRITS OF AMERICA, INC.,
and successor entity
SOURTHERN [sic] GLAZER'S WINE
AND SPIRITS OF ILLINOIS,
LLC, an Illinois corporation,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Defendant's Motion to Dismiss (Dkt. No. 87) is granted and Plaintiffs' Motion for Entry of Consent Judgment (Dkt. No. 78) is denied.

### I.   BACKGROUND

The actual Defendant in this wage and hours case is Southern Glazer's Wine and Spirits of Illinois, LLC ("Southern Glazer"), which is a successor to Invision Marketing Solutions, which was a division of Southern Glazer's predecessor, Southern Wine & Spirits of America, Inc ("SWSA"). The Plaintiffs are former employees of Kube, LLC ("Kube"). According to the Third Amended Complaint, Kube

and Southern Glazer, through Invision, were co-employers of Plaintiffs and as such Southern Glazer is responsible for unpaid wages owed to Plaintiffs by Kube. The Third Amended Complaint contains four claims against Southern Glazer: (1) Count I for violations of the Fair Labor Standards Act ("FLSA"); (2) Count II for violation of the Illinois Minimum Wage Payment and Collections Act ("IMWPCA"); (3) Count III for unjust enrichment; and (4) Count IV for indemnity. Southern Glazer denies its predecessor was a co-employer of Plaintiffs and contends that the Third Amended Complaint fails to allege sufficient facts to establish a joint employer relationship between Invision and Kube. It also alleges that the Complaint fails to allege any basis for unjust enrichment or for indemnity. Accordingly, it moves to dismiss. Plaintiffs, in response, contend that *Iqbal* and *Twombly* did not do away with notice pleading and the Third Amended Complaint alleges more than bare bones allegations by providing detailed allegations of fact that show a joint employment relationship. They further argue that unjust enrichment is an alternative to Counts I and II and should be viable in the event the Court fails to find FSLA applicable. Plaintiffs acknowledge that Count IV for indemnity is not viable.

## II. <u>DISCUSSION</u>

By attaching the contract between Invision and Kube to the Complaint, Plaintiffs have created a problem for themselves in

attempting to allege a joint employment relationship between Invision and Kube. The contract in paragraph 12 specifically states:

> 12. <u>INDEPENDENT CONTRACTOR.</u> This Agreement shall not render KUBE a partner, agent of, trust, joint venture, employee, joint employer or any other association with INVISION for any purpose. KUBE is and will remain an independent contractor in its relationship to INVISION. INVISION shall not withhold on behalf of KUBE any sums for income tax, unemployment insurance, or social security. Related thereto, all such payments and compensation hereunder and withholding obligations shall be the sole responsibility of KUBE, and KUBE will indemnify and hold INVISION harmless from any and all damages, injuries, suits, losses or liabilities arising from KUBE's failure to make such payments, withhold such amounts, or in the event INVISION is obligated to make payments to the Internal Revenue Service or any other state or local taxing agency on behalf of KUBE or its employees. KUBE, and employees of KUBE who render Services to INVISION, shall have no claim against INVISION, including, without limitation, claims hereunder or otherwise for vacation pay, sick leave, retirement benefits, licenses, permits needed to perform the Services, social security, worker's compensation, health or disability benefits, unemployment insurance benefits, or employee benefits of any kind. All persons rendering Services to INVISION under this Agreement shall be solely employed by KUBE and KUBE shall be solely responsible for every aspect of the employment of those employees.

As can be seen from this provision, the parties specifically disavowed any intention that they be considered "joint employers." Therefore, to allege a joint employer relationship after such a total disavowal, it was incumbent upon Plaintiffs to allege some specific factual allegations to counter such a contrary statement and to establish a plausible case for joint employment. In other

words, it is not sufficient for a plaintiff merely to allege a joint employment relationship in the face of a contractual provision stating otherwise. *Brown v. Cook County*, No. 17 C 8085, 2018 WL 3122174, *13 (N.D. Ill. June 26, 2018) states that conclusionary statements concerning joint employment are not enough. *Richardson v Help at Home, LLC*, No. 17 CV 00060, 2017 WL 2080448, *3 (N.D. Ill. May 15, 2017), is similar: "While a covered employee can have more than one employer at a time [plaintiff] fails to sufficiently allege that she performed work for [defendant]."

Plaintiffs' Complaint is similarly devoid of any allegations supporting their allegations of joint employment. The Complaint lumps Kube and Invision as "Defendants." There is no attempt to distinguish them as to specific allegations. The allegations themselves are sparse and mostly amount to specific assignments and activities that one would expect a firm who is under contract to provide such services to perform. The specific allegations of the Complaint are set forth in Plaintiffs' response brief as follows:

- Plaintiffs, as "brand advocates" were required to appear at particular times, in particular places (Third Amended Complaint at ¶ 94 ("TAC"), Dkt. No. 73);
- Defendants required a "dress code" (TAC at ¶¶ 95-98);

- Defendants imposed a 7-day prep plan (TAC at ¶ 99);
- Defendants imposed requirements regarding "chilling" procedures (TAC at ¶ 103);
- Defendants imposed display requirements and standards (TAC at ¶¶ 104-106);
- Defendants made "consumer engagement" requirements (TAC at ¶ 107);
- Defendants required the use of "closing" scripts (TAC at ¶ 108);
- Defendants required submission of event "re-cap" reports (TAC at ¶ 109);
- Defendants prohibited Plaintiffs from shopping, while in "uniform," at the stores after the event (TAC at ¶ 114); and
- Defendants prohibited Plaintiffs from bringing significant others (e.g. spouses/boyfriends) to tasting events (TAC at ¶ 115).

The measure of a joint employment relationship is the degree that a putative employer controls the individual employee. The most basic facts that would tend to support a joint employment relationship, is who hired them, who paid them, who decided the amount of payment, who had the power to fire them, who decided when the person would work, and other similar factors. *See Vill. of Winfield v. Illinois State Labor Relations Bd.,* 678 N.E.2d 1041, 1044 (1997) (stating Illinois joint employment test). To the extent that the Complaint answers any of these questions, the answer is Kube. For example, Plaintiffs could manage their wages through the Kube web site, and the employees were paid directly by Kube.

The Complaint therefore fails allege any plausible basis for a court to find a joint employment relationship between Kube and

Invision. The Motion to Dismiss is granted. Plaintiff requests leave to file an Amended Complaint as to Counts I and II if the Court dismisses them. Since this is the first Complaint that attempts to hold Southern Glazer responsible, the Court dismisses without prejudice. However, the Court expects Plaintiffs to allege specific facts relating only to Invision without coupling them with the allegations against Kube.

The Court also dismisses Count III, based on unjust enrichment. Although Plaintiff has pled unjust enrichment (according to their brief) as an alternative to Counts I and II, nevertheless, it fails factually on the basis that Invision paid Kube under its contract in part for the wages of Kube's employees. The fact that Kube kept the money without paying Plaintiffs is not Invision's fault. The gravamen of an unjust enrichment claim is that a defendant retained some monetary benefit that was due to plaintiffs and that such retention "violates fundamental principles of justice, equity, and good conscience." *Chicago Faucet Shoppe, Inc. v. Nestle Waters*, 24 F. Supp. 3d 750, 763 (N.D. Ill. 2014). Count III is dismissed.

The Court turns to Plaintiffs' Motion for Entry of Consent Judgment. Plaintiffs reached a settlement with Kube in which Kube agreed, among other things, to the entry of a consent judgment in the amount of $303,423.32. Plaintiffs now move the Court to enter

that $303,423.32 consent judgment. This request fails for two reasons.

First, the Seventh Circuit has indicated that stipulated settlements in FLSA cases must be approved by a district court or the U.S. Department of Labor. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay. Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages. Courts therefore have refused to enforce wholly private settlements."). As a result, district courts in this Circuit routinely require approval of FLSA settlements. *See Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F. Supp. 3d 960, 961 (N.D. Ill. 2016) (collecting cases). The Court will not enter a consent judgment based on a settlement agreement that it has not approved.

Second, the Court will not enter the consent judgment because a key provision of the settlement agreement upon which it is based is invalid. As part of the settlement agreement, Kube assigned all its rights under its contract with SWSA/Invision to Plaintiffs. However, that same contract prohibits any party from assigning its rights without the counterparty's written consent. Southern Glazer

has not consented to assignment. In abandoning their indemnification claim, Plaintiffs conceded that the non-assignment clause prohibits Kube's assignment in the settlement. Accordingly, if Plaintiffs and Kube still want to settle, they must rewrite the settlement agreement and present it to the Court for approval.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss (Dkt. No. 87) is granted. Counts I and II are dismissed without prejudice, Counts III and IV are dismissed with prejudice. Plaintiffs are granted twenty-one (21) days to file an Amended Complaint.

**IT IS SO ORDERED.**

                                            Harry D. Leinenweber, Judge
                                            United States District Court

Dated: 4/26/2019