**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **PATRICIA AIELLO,** *et al.*, individually and as assignees of claims owned by Kube, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> **SOUTHERN WINE & SPIRITS OF AMERICA, INC., and successor entity SOURTHERN [sic] GLAZER'S WINE AND SPIRITS OF ILLINOIS, LLC, an Illinois Corporation.** <br><br> Defendant. | **Case No. 17 C 985** <br><br> **Judge Harry D. Leinenweber** |

### MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Defendant's Motion to Dismiss the Fourth Amended Complaint (Dkt. No. 113) is granted. Plaintiffs' Fourth Amended Complaint (Dkt. No. 108) is dismissed with prejudice.

### I. BACKGROUND

On April 26, 2019, the Court granted Defendant's Motion to Dismiss Plaintiffs' Third Amended Complaint alleging an opt-in collective action against Defendant for failure to pay wages in violation of the Fair Labor Standards Act (FLSA) and the Illinois Minimum Wage Payment and Collections Act (IMWPAC). Because the Third Amended Complaint was the first one that named Defendant

Sourthern [sic] Glazer's Wine and Spirits of Illinois, LLC ("SG") as a party, the Court dismissed the case without prejudice. Plaintiffs have now filed their Fourth Amended Complaint and Defendant has again moved to dismiss. The Motion is based on the same reasoning as was the Motion directed at the Third Amended Complaint: that Defendant was not Plaintiffs' employer.

A little history is in order. Kube LLC ("Kube"), a defendant in the first three Complaints Plaintiffs filed, entered into an agreement with Defendant to provide "consumer educators" ("CEs"), individuals who would go to retail stores and supermarkets to promote Defendant's alcohol related products by offering customers free samples. Under Defendant's contract with Kube, the latter was to "recruit, hire, and train" the CEs. The contract further provided that Kube had complete discretion to "determine the method, details and means of performance of these services." It further specifically disclaimed that Defendant was a joint employer of the CEs, including all matters related to compensation.

Based on the clear unambiguous language of the agreement, the Court granted Defendant's Motion to Dismiss, stating that the Third Amended Complaint failed to allege any plausible basis for finding that Defendant was a joint employer with Kube of the Plaintiffs. (*See* April 26, 2019 Mem. Op. and Order, Dkt. No. 103.)

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III. DISCUSSION

Plaintiffs have settled with Kube. Plaintiffs' Fourth Amended Complaint now brings the two wage claims solely against SG. With respect to the allegations comprising the wage claims, this version is virtually identical to the Third Amended Complaint. It merely deletes Kube from the Complaint's paragraphs and eliminates any mention of the agreement between Kube and Defendant. As Defendant points out, this latest version completes an odyssey commencing with Complaints One, Two and Three brought solely against Kube, through Complaint Four against both Kube and Defendant, SG, to Complaint Five solely against Defendant, SG. This version also conveniently leaves out the allegation in all previous Complaints about the contract between Kube and Defendant.

Plaintiffs seek to salvage this latest version arguing that, since the Complaint does not refer to the Kube-Defendant contract, the Court cannot consider it on a Motion to Dismiss without converting the Motion to one for summary judgment. However, as

Defendant points out, previous versions of a Complaint that are filed with the Court are public court records and may be considered on a Motion to Dismiss. *Hensen v. CSC Credit Services,* 29 F.3d 280. 284 (7th Cir. 1994); *Ibscher v. Sternes,* 2004 WL 1368799 at *1 (N.D. Ill.2004). Plaintiffs, apparently believing that their argument may not fly, argues as a backup that the contract is irrelevant because two employers are not allowed to circumvent the wage laws through an agreement to violate the wage laws. Plaintiffs' argument is based on their contention that the wage laws take a conservative view in determining whether an employee is an independent contractor or an employee. Plaintiff cites *Estate of Suskovich v. Anthem Health Plans of Virginia, Inc.*, 553 F.3d 559, 565 (7th Cir. 2009). However, this argument is inapposite. No one contends that Plaintiffs are independent contractors, because they are clearly employees. The issue is whether Plaintiffs are employees of Kube or of Defendant.

Plaintiffs' argument might have some merit if there were any allegations to support it. As Plaintiffs point out, an employer cannot get around the wage laws by contracting with a third party to pay its employees in violation of the wage laws. However, they still must be its employees. Plaintiffs contend that Defendant, even under its contract with Kube, retained so much control over

the CEs that the economic reality was that Plaintiffs were Defendant's employees.

Plaintiffs provide a laundry list of controls and regulations imposed by Defendant to support the economic reality that they were Defendant's employees. They allege, *inter alia,* that the CEs, being a part time position, were required to report to specific locations at specific times (4th Am. Compl. ¶ 89); CEs "managed" their wages from a web site operated by Kube (*Id.* ¶ 91); CEs were required to adhere to a detailed marketing and display plan of Defendant's products (*Id.* ¶ 106); Defendant established a dress code and makeup requirements (*Id.* ¶¶ 97-98); and Defendant provided guidelines for the service of the Defendant's alcohol products (*Id.* ¶ 105).

However, the Fourth Amended Complaint fails to attain plausibility because all of the so-called controls and regulations relate to the specific product Defendant is purchasing from Kube. In previous iterations of Plaintiffs' Complaint, Plaintiffs described Kube, who "did business under the name 'Kube Marketing,' [as] a self-styled 'consumer educator' in the business of promoting consumer products-primarily and other retail outlets across at least five states." (3d Am. Compl. ¶ 87, Dkt. No. 73) Kube also "employed more than 700 'consumer educators' in the state of

Illinois alone." (*Id*. ¶ 89). Clearly Kube was not a fly-by-night phony organization.

Where Plaintiffs' Complaint loses plausibility, is in their contentions that the controls maintained by Defendant SG makes it their employer. The so-called "economic reality" of the Kube-Defendant relationship is that Defendant is purchasing a product from Kube, *i.e.,* product promotion. As in any product purchase agreement, the purchaser can be expected to dictate certain aspects of the product to be purchased; in this case, the time and location of the services to be provided, the appearance of the CEs, the handling of the product, and other related matters. If Defendant did not contract with a business such as Kube, it would have to hire up to 700 part time employees, which in turn would require it to manage the part timers to ensure that the employees were promoting its products in a proper manner. The paper work alone would be difficult if not unmanageable.

The Fourth Amended Complaint does not allege that:

1. Defendant hired Plaintiffs;
2. Defendant disciplined Plaintiffs;
3. Defendant had the power to fire Plaintiffs;
4. Defendant paid Plaintiffs;
5. Defendant trained Plaintiff; or
6. Plaintiffs' work would be conducted over an extended period of time.

Since there are no such claims in the Fourth Amended Complaint, it flunks the economic reality test because Defendant

clearly entered into a contract with Kube to perform the services carried out by Plaintiffs and agreed to pay it for these services. *Village of Winfield v. Illinois State Labor Relations Board,* 678 N.E.2d 1041, 1044 (Ill. 1997).

Lastly, there are no allegations that Defendant had anything to do with Kube's failure to pay Plaintiffs their due wages. The evidence is that Defendant paid Kube under the contract but that Kube apparently failed to pay Plaintiffs the wages that were due. Assuming Kube's failure to pay was due to financial reasons, there are no allegations in the Fourth Amended Complaint that Defendant knew or had reason to know of these problems when it contracted with Kube. Therefore, the latest Complaint, like its predecessor, fails the plausibility test. The Motion to Dismiss the Fourth Amended Complaint is granted.

## IV.  CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss Fourth Amended Complaint (Dkt. No. 113) is granted. Plaintiff's Fourth Amended Complaint (Dkt. No. 108) is dismissed with prejudice.

**IT IS SO ORDERED.**

                                                                        _____
                                                                        Harry D. Leinenweber, Judge
                                                                        United States District Court

Dated: 11/21/2019